```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

JOSEPH W. FINFROCK,

               Petitioner,

vs.                                    Case No. 2:08-cv-292-FtM-36SPC

GEORGE SHELDON, Secretary, of the
Department of Children and Families,

               Respondent.
_____

## OPINION AND ORDER

I.

This matter comes before the Court upon review of Respondent's Motion to Dismiss Due to Lack of Jurisdiction, or as Moot, and Supporting Memorandum (Doc. #42, Motion), filed October 21, 2010. On November 1, 2010, Petitioner filed a "Motion to Strike Respondent's Request to Dismiss Citing Lack of Jurisdiction, or to Mootness" (Doc. #44, Response), which the Court construes to be Petitioner's response in opposition to Respondent's Motion. This matter is ripe for review.

II.

Petitioner, who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2241 challenging his civil detention at the Florida Civil Commitment Center. *Inter alia*, Petitioner alleged violations of his right to a speedy trial and right to due process stemming from his pending civil commitment trial. As relief, Petitioner

requested "release" and that this Court "dismiss" his pending civil commitment hearing. *Id.* at 3.

Respondent moves to dismiss this action as moot and for lack of jurisdiction because Petitioner is no longer in custody pursuant to the civil commitment proceedings. Motion at 1. Respondent states that on May 25, 2010, Petitioner was convicted of battery on a sexually violent predator staff and was sentenced to ten years incarceration as a habitual felony offender. Exh. J. Respondent submits that the State Attorney's Office for the Seventh Judicial Circuit filed a Notice of Dismissal Without Prejudice, dismissing the petition seeking Petitioner's commitment as a sexually violent predator. Exh. K. Respondent attaches as an exhibit to his Motion a copy of the trial court's October 20, 2010 Order, dismissing the State's petition seeking Petitioner's civil commitment. Exh. L.

In his Response, Petitioner challenges his newly imposed battery conviction, says he is innocent, and submits that his defense counsel was inadequate. Response at 1. With regard to whether this action is moot, Petitioner states that the State may re-file his civil commitment petition "at any given time." Id. at 4.

### III.

The Court agrees with Respondent that the instant Petition is moot. *See Marvel v. Sec'y Dep't of Children and Families*, Case No. 2:09-cv-759-FtM-29DNF, 2010 WL 4704431 (M.D. Fla. Nov. 12,

2010)(dismissing civil commitment petition as moot based on petitioner's stipulated release from the Florida Civil Commitment Center).  Article III of the Constitution restricts the jurisdiction of the federal courts to "cases" or "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).  This limitation prohibits courts from considering moot questions because such questions cannot present an active case or controversy, thus, the court lacks subject matter jurisdiction. U.S. Const. Art. III. *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004).  Cases can be rendered moot due to a change in circumstances or a change in law.  *Id.* at 1328.  When the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party, the case is moot.  *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d. 1276, 1282 (11th Cir. 2004) (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001)).  In such circumstances, dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion."  *Id.*

A narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review." *See De La Teja v. United States*, 321 F.3d 1357, 1363, n.3 (11th Cir. 2003).  Two conditions must be met for the exception to apply: 1)

the challenged action must be of a "duration too short to be fully litigated prior to its cessation or expiration"; and 2) there must be a "reasonable expectation that the same complaining party would be subjected to the same action again." *Christian Coalition of Ala. v. Cole*, 355 F.3d 1288, 1293 (11th Cir. 2004)(emphasis added).

The Court finds that the circumstances before the Court do not fall within this narrow exception. Petitioner filed the Petition alleging that his right to a speedy trial was violated based on the duration of his civil commitment proceedings. Petition at 1. As established by Respondent, Petitioner's civil commitment proceedings have been dismissed. Petitioner's ultimate objective in bringing this case was to be released from civil confinement at the Florida Civil Commitment Center and released from the custody of the Florida Department of Children and Families. Petitioner is no longer civilly detained by the Secretary of the Department of Children and Families, as he is serving a ten-year sentence for battery and is now in the custody of the Florida Department of Corrections.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Respondent's Motion (Doc. #42) is **GRANTED**. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED without prejudice** as moot.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 14th day of January, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: alj
Copies: All Parties of Record